Holly BEARD, Appellant,

v.

ST. FRANCIS MEDICAL CENTER,
Respondent.

No. SD 29126.

Missouri Court of Appeals,
Southern District,
Division One.

May 4, 2009.

Petition for Rehearing and Transfer De-
nied
May 18, 2009.

Application for Transfer Denied
June 30, 2009.

Scott A. Robbins, Kennedy, Kennedy, Robbins & Yarbro, LC, Poplar Bluff, for Appellant.

Daniel P. Finch, The Finch Law Firm, Cape Girardeau, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

Appellant sued Respondent Hospital under § 287.140.13 of the Workers' Compensation Law,[1] which provides in part that a

---

1. Section 287.140.13.(1)  No hospital, physician or other health care provider, other than a hospital, physician or health care provider selected by the employee at his own expense pursuant to subsection 1 of this section, shall bill or attempt to collect any fee or any portion of a fee for services rendered to an employee due to a work-related injury or report to any credit reporting agency any failure of the employee to make such payment, when an injury covered by this chapter has occurred and such hospital, physician or health care provider has received actual notice given in writing by the employee, the employer or the employer's insurer.  Actual notice shall be deemed received by the hospital, physician or health care provider five days after mailing by certified mail by the employer or insurer to the hospital, physician or health care provider.

(2) The notice shall include:
(a) The name of the employer;
(b) The name of the insurer, if known;
(c) The name of the employee receiving the services;
(d) The general nature of the injury, if known; and
(e) Where a claim has been filed, the claim number, if known.

health care provider, unless it was selected by the employee at his own expense, cannot bill or attempt to collect any fee for treating a workers' compensation injury if the provider is given statutory notice. § 287.140.13(1), (2). A provider who pursues any action to collect from an employee after such notice may be sued for actual damages, statutory damages, and attorney's fees. § 287.140.13(4). The trial court granted Hospital summary judgment, finding that Appellant selected medical treatment at her own expense, and alternatively that Hospital did not pursue an action to collect within the statute's meaning.

## Facts and Background

Appellant suffered a 1996 work injury to her back and hip, and was treated under workers' compensation through October 1997. In early 2000, she renewed her complaints. Following an independent medical examination, her employer refused further treatment and denied Appellant's formal workers' compensation claim.

On her own, Appellant sought back surgery at Hospital through her group health plan. She realized Hospital would bill her for co-payments and the like. However, she wanted treatment despite her employer's denial, with which she disagreed.

Hospital billed Appellant per her group plan for treatment rendered thereunder. She kept using her group plan to get her own treatment, even after she won a temporary workers' compensation award for her employer to provide future medical treatment.

Appellant later started responding to Hospital's bills and collection efforts with § 287.140.13(2) notices asserting that the bills related to Appellant's workers' compensation claim and should be sent to her employer instead. Despite six such notices, Hospital sent numerous bills and collection letters, all for charges that Appellant authorized and incurred through her group health plan. Appellant eventually sued Hospital under § 287.140.13, and af-

(3) When an injury is found to be noncompensable under this chapter, the hospital, physician or other health care provider shall be entitled to pursue the employee for any unpaid portion of the fee or other charges for authorized services provided to the employee. Any applicable statute of limitations for an action for such fees or other charges shall be tolled from the time notice is given to the division by a hospital, physician or other health care provider pursuant to subdivision (6) of this subsection, until a determination of noncompensability in regard to the injury which is the basis of such services is made, or in the event there is an appeal to the labor and industrial relations commission, until a decision is rendered by that commission.

(4) If a hospital, physician or other health care provider or a debt collector on behalf of such hospital, physician or other health care provider pursues any action to collect from an employee after such notice is properly given, the employee shall have a cause of action against the hospital, physician or other health care provider for actual damages sustained plus up to one thousand dollars in additional

damages, costs and reasonable attorney's fees.

(5) If an employer or insurer fails to make payment for authorized services provided to the employee by a hospital, physician or other health care provider pursuant to this chapter, the hospital, physician or other health care provider may proceed pursuant to subsection 4 of this section with a dispute against the employer or insurer for any fees or other charges for services provided.

(6) A hospital, physician or other health care provider whose services have been authorized in advance by the employer or insurer may give notice to the division of any claim for fees or other charges for services provided for a work-related injury that is covered by this chapter, with copies of the notice to the employee, employer and the employer's insurer. Where such notice has been filed, the administrative law judge may order direct payment from the proceeds of any settlement or award to the hospital, physician or other health care provider for such fees as are determined by the division. The notice shall be on a form prescribed by the division.

ter discovery, the parties cross-moved for summary judgment. The trial court granted Hospital's motion, as previously noted, and denied Appellant's motion.

## Conclusion

The trial court did not err in ruling, as a matter of law, that Appellant could not invoke § 287.140.13(4) or prevail on her claim. Appellant used her group health plan to arrange for her own medical treatment, from providers she chose, after her employer refused treatment. As between Appellant and Hospital, Appellant was obligated to pay, which she proposed to do through her group plan, fully understanding that she would be billed and expected to remit at least co-payments.[2]

Appellant thus induced Hospital to treat and bill her as a group health patient; accepted the benefits thereof; and persisted in doing so even after the temporary award against her employer. She could not fairly complain when Hospital billed her in the manner she invited, nor can she invoke § 287.140.13 against a provider she chose at her expense.

The trial court's alternative basis for summary judgment involves statutory interpretation issues of first impression. Our ruling makes it unnecessary to reach those issues, and we decline to do so. Summary judgment was properly entered. The judgment is affirmed.[3]

BARNEY and BATES, JJ., concur.

---

**2.** That Appellant later pursued her employer for reimbursement (*see, e.g., Martin v. Town and Country Supermarkets,* 220 S.W.3d 836, 844 (Mo.App.2007)) does not alter the fact that she sought treatment and agreed to be billed under group health.

**3.** Hospital's motion to strike Appellant's reply brief, which was taken with the case, is overruled.